UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:16-cv-4590-CAS(GJSx) | Date | October 6, 2016 |
|---|---|---|---|
| Title | CIRANA CORPORATION v. CHANGSHU JISHENG SPINNING AND WEAVING COMMODITIES CO., LTD. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:** (IN CHAMBERS) - DEFENDANTS UNLIMITED AVENUES, INC. AND GARY SACHDEV'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION (Dkt. 32, filed September 6, 2016)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of October 17, 2016 is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION

On June 24, 2016, plaintiff Cirana Corporation, d/b/a Lapis Clothing, filed this action against defendants Chiangshu Jicheng Spinning and Weaving Commodities Co., Ltd., a/k/a Changshu Jichen Garment, Ltd. ("Changshu"); Ming Jian Chen, a/k/a Jason Chen; Jie Hua Zhou; Unlimited Avenues, Inc., Gary Sachdev, and Does 1–20. Dkt. 1.

On August 4, 2016, Unlimited Avenues, Inc. and Sachdev ("Unlimited defendants") filed a motion to dismiss plaintiff's complaint for lack of personal jurisdiction. Dkt. 22. On August 22, 2016, plaintiff filed its first amended complaint. Dkt. 27 ("FAC"). In light of the filing of the FAC, on August, 25, 2016, the Court ruled that defendants' pending motion to dismiss was moot. Dkt. 34.

On September 6, 2016, the Unlimited defendants filed a motion to dismiss the FAC for lack of personal jurisdiction. Dkt. 32 ("Motion"). On September 26, 2016, plaintiff filed its opposition to the Unlimited defendants' motion, dkt. 40 ("Opp'n"), and on October 4, 2016, the Unlimited defendants filed their reply, dkt. 45 ("Reply").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-4590-CAS(GJSx) | Date | October 6, 2016 |
| Title | CIRANA CORPORATION v. CHANGSHU JISHENG SPINNING AND WEAVING COMMODITIES CO., LTD. ET AL. | | |

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

**II.    BACKGROUND**

Plaintiff is a California corporation, organized under the laws of California, with its principal place of business in Los Angeles, California.  FAC ¶ 7.  Unlimited Avenues is a New York corporation organized under the laws of New York with its principal place of business in New York, New York.  Id. ¶ 12.  Sachdev is the sole owner and/or stockholder of Unlimited.  Id. ¶ 14.

In or around late 2007, plaintiff commenced a business relationship with Changshu for the manufacture and import of garments from China to the United States.  Id. ¶ 38.  Plaintiff placed purchase orders with Changshu, which included, inter alia, the number of units, styles, and colors of garments ordered by plaintiff and the textile fabric designs to be used in manufacturing the garments.  Id. ¶ 39.  Plaintiff owns the copyright to numerous textile designs.  Id. ¶ 21. In connection with plaintiff's purchase orders, plaintiff supplied Changshu, Chen, and Zhou with its original textile designs.  Id. ¶ 39.

Plaintiff alleges that defendants knowingly and intentionally began wrongfully copying and/or creating derivative works based on seven of plaintiff's textile designs and that defendants licensed, manufactured, imported, sold, or offered for sale garments that were unauthorized reproductions of one or more of those seven designs.  Id. ¶ 40.  The infringing garments were sold and/or distributed with hangtags bearing the mark J. Gee, which is owned by Unlimited Avenues, id. ¶ 15g, and have labels bearing R/N 80353, which is registered to Unlimited Avenues, id. ¶ 42.  Plaintiff further alleges that defendants sold the infringing garments to one or more of plaintiff's customers, including Burlington Coat Factory, at prices below what plaintiff charges for its garments.  Id. ¶ 55.

Specifically, plaintiff alleges that Chengshu ships goods, including the infringing garments, to Unlimited Avenues through the Port of Long Beach, California.  Id. ¶ 15b.  Unlimited Avenues consigns those goods, and their own, at the Port of Long Beach and then causes them to be delivered to a warehouse in Carson, California.  Id. ¶ 15d.  Unlimited Avenues sold some of the infringing garments to Burlington Coat Factory,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-4590-CAS(GJSx) | Date | October 6, 2016 |
| Title | CIRANA CORPORATION v. CHANGSHU JISHENG SPINNING AND WEAVING COMMODITIES CO., LTD. ET AL. | | |

who offered them for resale on its website and shipped those items through the United States, including within this judicial district. Id. ¶ 15e.

Plaintiff alleges that Chen, Zhou, and Does 1–10 are the alter egos of Changshu, and that Sachdev and Does 11–20 are the alter egos of Unlimited Avenues. Id. ¶¶ 17–18.

Plaintiff filed this action, alleging five claims for relief against all defendants: (1) copyright infringement, (2) contributory copyright infringement, (3) unfair competition and false designation of origin pursuant to 15 U.S.C. § 1125(a), (4) unfair competition pursuant to the California Business and Professions Code § 17200 et seq., and (5) intentional interference with prospective economic advantage. Id. ¶¶ 63–103.

## III. LEGAL STANDARDS

### A. Alter Ego Liability

Under California law, "[a] corporate identity may be disregarded—the 'corporate veil' pierced—where an abuse of the corporate privilege justifies holding the [owner] of a corporation liable for the acts of the corporation." Sonora Diamond Corp. v. Super. Ct., 83 Cal. App. 4th 523, 538 (2000). To state a claim for alter ego liability, a plaintiff must adequately allege that: "(1) there is such unity of interest that the separate personalities [of the entity and the shareholder] no longer exist and (2) that failure to disregard [their separate entities] would result in fraud or injustice." Doe v. Unocal Corp., 248 F.3d 915, 926 (9th Cir. 2001). When assessing whether there is unity of interest between a corporation and an individual for the purposes of piercing the corporate veil under the alter ego doctrine, courts consider, among other factors:

> the commingling of funds and other assets; the failure to segregate funds of the individual and the corporation; the unauthorized diversion of corporate funds to other than corporate purposes; the treatment by an individual of corporate assets as his own; the failure to seek authority to issue stock or issue stock under existing authorization; the representation by an individual that he is personally liable for corporate debts; the failure to maintain adequate corporate minutes or records; the intermingling of the individual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-4590-CAS(GJSx) | Date | October 6, 2016 |
| Title | CIRANA CORPORATION v. CHANGSHU JISHENG SPINNING AND WEAVING COMMODITIES CO., LTD. ET AL. | | |

and corporate records; the ownership of all the stock by a single individual or family; the domination or control of the corporation by the stockholders; the use of a single address for the individual and the corporation; the inadequacy of the corporation's capitalization; the use of the corporation as a mere conduit for an individual's business; the concealment of the ownership of the corporation; the disregard of formalities and the failure to maintain arm's-length transactions with the corporation; and the attempts to segregate liabilities to the corporation.

Mid-Century Ins. Co. v. Gardner, 9 Cal. App. 4th 1205, 1213 n.3 (1992).

"Conclusory allegations of 'alter ego' status are insufficient to state a claim. Rather, a plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each." Neilson v. Union Bank of California, N.A., 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003). However, on a motion to dismiss for lack of personal jurisdiction, "[b]ecause the facts relating to personal jurisdiction are intertwined with the merits of its claims, [a plaintiff] need only make a *prima facie* showing of alter ego liability in order to defeat [such a] motion." ADO Fin., AG v. McDonnell Douglas Corp., 931 F. Supp. 711, 717 (C.D. Cal. 1996).

   B.   Personal Jurisdiction

When a defendant moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of demonstrating that the court may properly exercise personal jurisdiction over the defendant. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006). Where, as here, a court decides such a motion without an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995); Doe v. Unocal Corp., 27 F. Supp. 2d 1174, 1181 (C.D. Cal. 1998), aff'd, 248 F.3d 915 (9th Cir. 2001). The plaintiff's alleged version of the facts is taken as true for purposes of the motion if not directly controverted. AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996); Unocal, 27 F. Supp. 2d at 1181. If the defendant adduces evidence controverting the allegations, however, the plaintiff may not rely on his pleadings, but must "come forward with facts, by affidavit or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-4590-CAS(GJSx) | Date | October 6, 2016 |
| Title | CIRANA CORPORATION  v. CHANGSHU JISHENG SPINNING AND WEAVING COMMODITIES CO., LTD. ET AL. | | |

otherwise, supporting personal jurisdiction." Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986) (quoting Amba Mktg. Servs., Inc. v. Jobar Int'l, Inc., 551 F.2d 784, 787 (9th Cir. 1977)).  Any "'conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists.'" AT & T, 94 F.3d at 588–89 (quoting WNS, Inc. v. Farrow, 884 F.2d 200, 203 (5th Cir. 1989)).

Generally, personal jurisdiction exists if (1) it is permitted by the forum state's long-arm statute and (2) the "exercise of that jurisdiction does not violate federal due process." Pebble Beach, 453 F.3d at 1154–55 (citing Fireman's Fund Ins. Co. v. Nat'l Bank of Coops., 103 F.3d 888, 893 (9th Cir. 1996)).

California's long-arm jurisdictional statute is coextensive with federal due process requirements, so that the jurisdictional analysis under state law and federal due process are the same.  Cal. Civ. Proc. Code § 410.10; Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991).  In order for a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  Depending on the nature of the contacts between the defendant and the forum state, personal jurisdiction is characterized as either general or specific.

### 1. General Jurisdiction

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011).  Whether a defendant's contacts are sufficiently substantial, continuous, and systematic for an exercise of general jurisdiction depends upon a defendant's "[l]ongevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets." Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1224 (9th Cir. 2011) (quoting Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163, 1172 (9th Cir. 2006)); see also Bancroft & Masters, Inc. v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-4590-CAS(GJSx) | Date | October 6, 2016 |
| Title | CIRANA CORPORATION v. CHANGSHU JISHENG SPINNING AND WEAVING COMMODITIES CO., LTD. ET AL. | | |

Augusta Nat. Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) ("Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there."). Occasional sales to residents of the forum state are insufficient to create general jurisdiction. See Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986). This standard is exacting, "because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004).

### 2. Specific Jurisdiction

A court may assert specific jurisdiction over a claim for relief that arises out of a defendant's forum-related activities. Rano v. Sipa Press, Inc., 987 F.2d 580, 588 (9th Cir. 1993). The test for specific personal jurisdiction has three parts:

(1) The defendant must perform an act or consummate a transaction within the forum, purposefully availing himself of the privilege of conducting activities in the forum and invoking the benefits and protections of its laws;

(2) The claim must arise out of or result from the defendant's forum-related activities; and

(3) Exercise of jurisdiction must be reasonable.

Id.; see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475–76 (1985). The plaintiff bears the burden of satisfying the first two prongs, and if either is not satisfied, personal jurisdiction is not established. Schwarzenegger, 374 F.3d at 802.

In contracts cases, courts conduct a "purposeful availment" analysis to determine the first prong of the specific jurisdiction test. Id. Because a contract is "ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction," a court must evaluate four factors to determine whether purposeful availment has occurred: (1)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:16-cv-4590-CAS(GJSx) | Date | October 6, 2016 |
|---|---|---|---|
| Title | CIRANA CORPORATION v. CHANGSHU JISHENG SPINNING AND WEAVING COMMODITIES CO., LTD. ET AL. | | |

prior negotiations, (2) contemplated future consequences, (3) the terms of the contract, (4) the parties' actual course of dealing. Burger King, 471 U.S. at 478–79. A single contract for the sale of goods to a plaintiff in the forum state may be sufficient for specific jurisdiction over a defendant, but only where the contract creates a "substantial connection" with the forum state. Boschetto v. Hansing, 539 F.3d 1011, 1017 (9th Cir. 2008). "The foreseeability of causing injury in another state is not a sufficient basis on which to exercise jurisdiction," without more. Gray & Co. v. Firstenberg Mach. Co., Inc., 913 F.2d 758, 760 (9th Cir. 1990).

In tort cases, by contrast, courts conduct a "purposeful direction" analysis. Schwarzenegger, 374 F.3d at 802. Purposeful direction is analyzed under the "effects test." Calder v. Jones, 465 U.S. 783, 787–89, (1984); Dole Food Co. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002). Under the "effects" test, "the defendant must have allegedly: (1) committed an intentional act; (2) expressly aimed at the forum state; (3) causing harm that the defendant knows is likely to be suffered in the forum state." Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1206 (9th Cir. 2006) (quoting Schwarzenegger, 374 F.3d at 803). A foreign act with foreseeable effects in the forum state does not always gives rise to specific jurisdiction; there must be "something more." Bancroft & Masters, 223 F.3d at 1087. "'[S]omething more' is what the Supreme Court described as 'express aiming' at the forum state." Id. The "express aiming" requirement is satisfied "when defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." Id.; see also Dole Food, 303 F.3d at 1111.

If the plaintiff establishes the first two prongs regarding purposeful availment and the defendant's forum-related activities, then it is the defendant's burden to "present a compelling case" that the third prong, reasonableness, has not been satisfied. Schwarzenegger, 374 F.3d at 802 (quoting Burger King, 471 U.S. at 477). The third prong requires the Court to balance seven factors: (1) the extent of the defendant's purposeful availment, (2) the burden on the defendant, (3) conflicts of law between the forum state and the defendant's state, (4) the forum's interest in adjudicating the dispute, (5) judicial efficiency, (6) the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. Roth, 942 F.2d at 623.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-4590-CAS(GJSx) | Date | October 6, 2016 |
| Title | CIRANA CORPORATION v. CHANGSHU JISHENG SPINNING AND WEAVING COMMODITIES CO., LTD. ET AL. | | |

## IV. ANALYSIS

### A. Alter Ego Liability

Plaintiff alleges that Sachdev is individually liable under the alter ego doctrine. FAC ¶ 18f. To state a claim for alter ego liability, plaintiff must adequately allege that: "(1) there is such unity of interest that the separate personalities [of the entity and the shareholder] no longer exist and (2) that failure to disregard [their separate entities] would result in fraud or injustice." Unocal Corp., 248 F.3d at 926.

Plaintiff avers that there was a unity of interest and ownership because Sachdev dominated, controlled, and influenced Unlimited Avenues; Unlimited Avenues is a mere shell that Sachdev has used for his personal business; and Sachdev has converted the profits of Unlimited Avenues. FAC ¶ 18. Plaintiff specifically contends, and the Unlimited defendants confirm, that Sachdev is the sole shareholder of Unlimited Avenues. Id. ¶ 14; Motion at 10. Plaintiff also alleges that Sachdev uses his personal residential address as Unlimited Avenues' business address. Opp'n at 16. A plaintiff need only plead two or three factors to adequately plead unity of interest. See Daewoo Elecs. Am. Inc. v. Opta Corp., No. 3:13-cv-1247-JSW, 2013 WL 3877596, at *5 (N.D. Cal. July 25, 2013) (finding a pleading of two factors in support of unity of interest sufficient); Pac. Mar. Freight, Inc. v. Foster, No. 3:10-cv-00578-BTM-BLM, 2010 WL 3339432, at *6 (S.D. Cal. Aug. 24, 2010) (citing authority holding that the identification of unity of interest plus two or three factors was adequate). Therefore, the Court concludes that plaintiff has made a prima facie showing, for the purposes of jurisdiction, there is a unity of interest between Unlimited Avenues and Sachdev.

Next, "California courts generally require some evidence of bad faith conduct on the part of defendants before concluding that an inequitable result justifies an alter ego finding." Neilson, 290 F. Supp. 2d at 1117. Where an individual defendant is the sole shareholder in the corporate defendant, and the individual defendant alone would benefit from the alleged wrongful conduct, a plaintiff has satisfied the inequitable prong of the alter ego test. Johnson v. Serenity Transp., Inc., 141 F. Supp. 3d 974, 986 (N.D. Cal. 2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-4590-CAS(GJSx) | Date | October 6, 2016 |
| Title | CIRANA CORPORATION  v. CHANGSHU JISHENG SPINNING AND WEAVING COMMODITIES CO., LTD. ET AL. | | |

While plaintiff may not be able to prove on the merits that Sachdev was Unlimited Avenues' alter ego, the Court concludes that plaintiff has sufficiently pleaded its alter ego allegations to defeat the Unlimited Defendants' motion.

### B.    Personal Jurisdiction

#### 1.    General Jurisdiction

The Unlimited defendants argue that this Court lacks general personal jurisdiction because they do not have substantial, continuous, or systematic contacts with California. Motion at 2.  The Unlimited defendants further contend that the facts that Unlimited Avenues is registered to do business in California and that Unlimited Avenues has an agent for service of process in California are insufficient to subject the Unlimited defendants to general personal jurisdiction in California.  Id. at 2–3.

The Court agrees that plaintiff has not established that the Unlimited defendants' affiliations with California are "so 'continuous and systematic' as to render them essentially at home in the forum State."  See Goodyear, 564 U.S. at 919.  Furthermore, plaintiff does not contend that the Unlimited defendants are subject to general personal jurisdiction.  The Court thus concludes that may not exercise general personal jurisdiction over the Unlimited defendants.

#### 2.    Specific Jurisdiction

##### a.    Purposeful Direction

When assessing whether it may exercise specific jurisdiction, the Court looks first to whether the Unlimited defendants have purposely availed themselves of the privilege of conducting activities in this district or purposefully directed its activities into this district.  "The Ninth Circuit has noted that purposeful availment and purposeful direction are two distinct concepts."  Lang v. Morris, 823 F. Supp. 2d 966, 970 (N.D. Cal. 2011). Specifically, the "purposeful availment analysis is most often used in suits sounding in contract," where as the "purposeful direction analysis . . . is most often used in suits sounding in tort."  Schwarzenegger, 374 F.3d at 802.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-4590-CAS(GJSx) | Date | October 6, 2016 |
| Title | CIRANA CORPORATION v. CHANGSHU JISHENG SPINNING AND WEAVING COMMODITIES CO., LTD. ET AL. | | |

Plaintiff's copyright claims sound in tort. See Wash. Shoe Co. v. A-Z Sporting Goods Inc., 704 F.3d 668, 674 (9th Cir. 2012) ("We have characterized copyright infringement as a 'tort,' and suggested that willful infringement is an intentional tort.") (internal citations omitted); Broadcast Music Inc. v. Blumonday, Inc., 818 F. Supp. 1352, 1353 (D. Nev.1993) ("At common law, a cause of action for copyright infringement was analogous to several tort actions"). Therefore, the Court addresses the first prong of the specific jurisdiction test under the purposeful direction approach for suits sounding in tort. See Goldberg v. Cameron, 482 F. Supp. 2d 1136, 1144 (N.D. Cal. 2007) ("A claim for copyright infringement sounds in tort, and therefore a purposeful direction analysis is appropriate.").

To satisfy the purposeful direction "effects" test, "the defendant allegedly [must] have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Yahoo!, 433 F.3d at 1206.

"An intentional act is an external manifestation of the actor's intent to perform an actual, physical act in the real world, not including any of its actual or intended results." Wash. Shoe, 704 F.3d at 674. Here, plaintiffs allege that the Unlimited defendants committed an intentional act by intentionally (1) importing the infringing garments from Chanshu in China to the Port of Long Beach; (2) transferring the infringing garments to Unlimited's warehouse in Carson, California; (3) placing Unlimited's R/N label on the garments, and (4) selling the infringing garments to customers in the government of the United States. Opp'n at 6. The Unlimited defendants argue that these allegations "have no foundation and are mere speculation and conjecture." Reply at 4. While the Unlimited defendants argue that plaintiff has not met its burden of proof, they do not, at any point, introduce any facts to refute plaintiff's allegations. See id. at 4–6. Plaintiff need only make a prima facie showing of jurisdictional facts and, because those facts are not refuted, the Court takes plaintiff's alleged version of the facts as true for purposes of this motion. See AT & T, 94 F.3d at 588. Therefore, the Court concludes that plaintiff has adequately alleged an "intentional act" as required by the "effects" test.

The Court next considers whether the acts of the Unlimited defendants were expressly aimed at California. The Unlimited defendants argue that any alleged

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-4590-CAS(GJSx) | Date | October 6, 2016 |
| Title | CIRANA CORPORATION v. CHANGSHU JISHENG SPINNING AND WEAVING COMMODITIES CO., LTD. ET AL. | | |

copyright infringement was not expressly aimed at California because they sold their goods only on the East Coast and never intended their goods to be sold in California. Motion at 6. However, the Ninth Circuit has held that "[w]hen copyrights are held by corporations, the 'right to control the work' will typically be exercised where the corporation is located. The impact of an intentional violation of that right is necessarily directed at that location." Wash. Shoe., 704 F.3d at 678. The Ninth Circuit elaborated: "Because the harm caused by an infringement of the copyright laws must be felt at least at the place where the copyright is held, we think that the impact of a *willful* infringement is necessarily directed there as well." Id. Here, plaintiff is the copyright holder, is located in California, and alleges willful copyright infringement. See FAC ¶¶ 40, 54 (alleging that defendants "knowingly and intentionally" improperly copied and/or created derivative works based on plaintiff's designs, and that defendants' acts of infringement were "willful and deliberate"). Accordingly, the Court concludes that the Unlimited defendants' intentional acts were expressly aimed at California.

The Court next considers whether defendants' conduct caused foreseeable harm in California. "The economic loss caused by the intentional infringement of a plaintiff's copyright is foreseeable." Mavrix Photo, 647 F.3d at 1231. "It is foreseeable that the loss will be inflicted both in the forum where the infringement took place . . . *and* where the copyright holder has its principal place of business." Wash. Shoe., 704 F.3d at 679 (emphasis added). The Unlimited defendants do not address this prong of the effects test. Therefore, the Court concludes that it was foreseeable that plaintiff's loss would be inflicted in California.

In sum, the Court concludes that plaintiff has presented a prima facie case of purposeful direction by the Unlimited defendants sufficient to survive a motion to dismiss for lack of personal jurisdiction.

### b. "But for" Causation

The Court next considers whether plaintiff's claims arise out of or result from the Unlimited defendants' forum-related activities. "To determine whether a claim arises out of forum-related activities, courts apply a 'but for' test." Unocal, 248 F.3d at 924. Plaintiff alleges that it was harmed because defendants sold infringing garments to one or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-4590-CAS(GJSx) | Date | October 6, 2016 |
| Title | CIRANA CORPORATION v. CHANGSHU JISHENG SPINNING AND WEAVING COMMODITIES CO., LTD. ET AL. | | |

more of plaintiff's clients at a price below what plaintiff charges. FAC ¶¶ 55, 59. Plaintiff argues that its claims would not have arisen if the Unlimited defendants had not imported the infringing garments, stored them at a warehouse in Carson, placed Unlimited Avenues' labels on the garments, and resold of the garments to plaintiff's customers. Opp'n at 10. The Unlimited defendants argue, in turn, that the conduct that plaintiff alleges is not sufficient to be a "but for" cause of plaintiff's injury because defendants "could have shipped the garments to any forum for consignment, had warehouse space rented in any form, or registered themselves to do business in any forum, and the alleged injury would have still occurred by the same alleged conduct of the Defendants." Motion at 7–8. The Unlimited defendants misstate the "but for" test. That plaintiff would have been harmed had defendants engaged in the same conduct in a different forum does not alter the fact that plaintiff was harmed by the Unlimited defendants' conduct *in California*. The Court therefore concludes that plaintiff has presented a prima facie case that its claims arise out of the Unlimited defendants' forum-related activities.

### c. Reasonableness

The final requirement for specific jurisdiction is reasonableness. Because plaintiff has satisfied the first two prongs of the specific jurisdiction test, the Unlimited defendants bear the burden of "present[ing] a compelling case" that the exercise of jurisdiction is not reasonable. Schwarzenegger, 374 F.3d at 802. The reasonableness determination requires the consideration of seven factors: (1) the extent of the defendant's purposeful interjection into the forum state, (2) the burden on the defendant in defending in the forum, (3) the extent of the conflict with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. Roth, 942 F.2d at 623; Bancroft, 223 F.3d at 1088 (citing Burger King, 471 U.S. at 476). The Unlimited defendants argue that jurisdiction is unreasonable because they perform their sales and business in New York, they do not have bank accounts or real property in California, and they have not aimed their actions at California or California residents. Motion at 8. The Unlimited defendants focus only on the first factor – the extent of their interjection into the forum state. "This is inadequate to discharge Burger King's requirement that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-4590-CAS(GJSx) | Date | October 6, 2016 |
| Title | CIRANA CORPORATION v. CHANGSHU JISHENG SPINNING AND WEAVING COMMODITIES CO., LTD. ET AL. | | |

defendant demonstrate a 'compelling case,' focused on the seven specific factors listed above, in order to establish unreasonableness." Bancroft, 223 F.3d at 1089. The Unlimited defendants have not demonstrated any hardship or any other specific factor suggesting that jurisdiction in California would be unreasonable. Accordingly, the Court finds that the reasonableness requirement is met.

Because the three-part test for specific jurisdiction has been satisfied, the Court concludes that it may exercise jurisdiction over the Unlimited defendants.

## IV. CONCLUSION

In accordance with the foregoing, the Court **DENIES** Sachdev and Unlimited Avenues' motion to dismiss plaintiff Cirana's complaint for lack of personal jurisdiction.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |