UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:16-cv-4590-CAS(GJSx) | Date | October 31, 2016 |
|---|---|---|---|
| Title | CIRANA CORPORATION v. CHANGSHU JISHENG SPINNING AND WEAVING COMMODITIES CO., LTD. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Jeffrey Kobulnick | Brian Noh |
| Michael Bernet | |

**Proceedings:** **PLAINTIFF AND COUNTER-DEFENDANT CIRANA CORPORATION'S MOTION TO STRIKE DEFENDANT CHANGSHU JICHENG'S COUNTERCLAIMS (Dkt. 42, filed on September 30, 2014)**

**PLAINTIFF AND COUNTER-DEFENDANT CIRANA CORPORATION AND THIRD-PARTY DEFENDANT SAM DOWLAT'S MOTION TO DISMISS DEFENDANT CHANGSHU JICHENG'S FIRST, SECOND, AND THIRD COUNTERCLAIMS AND THIRD-PARTY CLAIMS (Dkt. 43, filed on September 30, 2014)**

**PLAINTIFF AND COUNTER-DEFENDANT CIRANA CORPORATION'S MOTION TO STRIKE DEFENDANT CHANGSHU JICHENG'S SIXTH, SEVENTH, THIRTEENTH, SEVENTEENTH, TWENTY-FIFTH, TWENTY-SIXTH, THIRTY-FOURTH AND THIRTY-FIFTH AFFIRMATIVE DEFENSES, AND FOURTH COUNTERCLAIM (Dkt. 44, filed on September 30, 2014)**

## I.    INTRODUCTION

On June 24, 2016, plaintiff Cirana Corporation, d/b/a Lapis Clothing, filed this action against defendants Chiangshu Jicheng Spinning and Weaving Commodities Co., Ltd., a/k/a Changshu Jichen Garment, Ltd. ("Jicheng"); Ming Jian Chen, a/k/a Jason Chen; Jie Hua Zhou; Unlimited Avenues, Inc., Gary Sachdev, and Does 1–20. Dkt. 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-4590-CAS(GJSx) | Date | October 31, 2016 |
| Title | CIRANA CORPORATION v. CHANGSHU JISHENG SPINNING AND WEAVING COMMODITIES CO., LTD. ET AL. | | |

On August 4, 2016, Unlimited Avenues, Inc. and Sachdev ("Unlimited defendants") filed a motion to dismiss plaintiff's complaint for lack of personal jurisdiction. Dkt. 22. On August 22, 2016, plaintiff filed its first amended complaint. Dkt. 27 ("FAC"). In light of the filing of the FAC, on August, 25, 2016, the Court ruled that defendants' pending motion to dismiss was moot. Dkt. 34.

On September 6, 2016, the Unlimited defendants filed a motion to dismiss the FAC for lack of personal jurisdiction. Dkt. 32 ("Motion"). On September 26, 2016, plaintiff filed its opposition to the Unlimited defendants' motion, dkt. 40 ("Opp'n"), and on October 4, 2016, the Unlimited defendants filed their reply, dkt. 45 ("Reply"). On October 6, 2016 the Court denied Sachdev and Unlimited Avenues' motion to dismiss Cirana's FAC for lack of personal jurisdiction. Dkt. 46.

On September 6, 2016, Jicheng filed counterclaims against Cirana and third-party claims against Sam Dowlat. Dkts. 34, 35.

On September 30, Cirana filed a motion to strike Jicheng's counterclaims as untimely. Dkt. 43. Jicheng filed its opposition on October 7, 2016 and seeks sanctions against Cirana under Federal Rule of Civil Procedure 11. Dkt. 47. Cirana filed its reply on October 17, 2016. Dkt. 50.

On September 30, 2016, Cirana and Dowlat filed a motion to dismiss Jicheng's first, second, third counterclaims and third-party claims. Dkt. 43. Jicheng filed its opposition on October 7, 2016, dkt. 49, and Cirana and Dowlat filed their reply on October 17, 2016, dkt. 50.

On September 30, 2016, Cirana filed a motion to strike Jicheng's six, seventh, thirteenth, seventeenth, twenty-fifth, twenty-sixth, thirty-fourth, and thirty-fifth affirmative defenses, and Changshu's fourth counterclaim. Jicheng filed its opposition on October 7, 2016, dkt. 48, and Cirana filed its reply on October 17, 2016, dkt. 50.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-4590-CAS(GJSx) | Date | October 31, 2016 |
| Title | CIRANA CORPORATION v. CHANGSHU JISHENG SPINNING AND WEAVING COMMODITIES CO., LTD. ET AL. | | |

## II. BACKGROUND

Cirana is a California corporation, organized under the laws of California, with its principal place of business in Los Angeles, California. FAC ¶ 7. Unlimited Avenues is a New York corporation organized under the laws of New York with its principal place of business in New York, New York. Id. ¶ 12. Sachdev is the sole owner and/or stockholder of Unlimited. Id. ¶ 14.

In or around late 2007, Cirana commenced a business relationship with Jicheng for the manufacture and import of garments from China to the United States. Id. ¶ 38. Plaintiff placed purchase orders with Changshu, which included, inter alia, the number of units, styles, and colors of garments ordered by plaintiff and the textile fabric designs to be used in manufacturing the garments. Id. ¶ 39. Cirana owns the copyright to numerous textile designs. Id. ¶ 21. In connection with Cirana's purchase orders, plaintiff supplied Jicheng, Chen, and Zhou with its original textile designs "owned by Cirana." Id. ¶ 39.

Cirana alleges that defendants knowingly and intentionally began wrongfully copying and/or creating derivative works based on seven of plaintiff's textile designs and that defendants licensed, manufactured, imported, sold, or offered for sale garments that were unauthorized reproductions of one or more of those seven designs. Id. ¶ 40. The infringing garments were sold and/or distributed with hangtags bearing the mark J. Gee, which is owned by Unlimited Avenues, id. ¶ 15g, and have labels bearing R/N 80353, which is registered to Unlimited Avenues, id. ¶ 42. Cirana further alleges that defendants sold the infringing garments to one or more of plaintiff's customers, including Burlington Coat Factory, at prices below what plaintiff charges for its garments. Id. ¶ 55.

Specifically, Cirana alleges that Jicheng ships goods, including the infringing garments, to Unlimited Avenues through the Port of Long Beach, California. Id. ¶ 15b. Unlimited Avenues consigns those goods, and their own, at the Port of Long Beach and then causes them to be delivered to a warehouse in Carson, California. Id. ¶ 15d. Unlimited Avenues sold some of the infringing garments to Burlington Coat Factory, who offered them for resale on its website and shipped those items through the United States, including within this judicial district. Id. ¶ 15e.

Cirana alleges that Chen, Zhou, and Does 1–10 are the alter egos of Jicheng, and that Sachdev and Does 11–20 are the alter egos of Unlimited Avenues. Id. ¶¶ 17–18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-4590-CAS(GJSx) | Date | October 31, 2016 |
| Title | CIRANA CORPORATION v. CHANGSHU JISHENG SPINNING AND WEAVING COMMODITIES CO., LTD. ET AL. | | |

In its FAC, Cirana alleges five claims for relief against all defendants: (1) copyright infringement, (2) contributory copyright infringement, (3) unfair competition and false designation of origin pursuant to 15 U.S.C. § 1125(a), (4) unfair competition pursuant to the California Business and Professions Code § 17200 et seq. ("UCL"), and (5) intentional interference with prospective economic advantage. Id. ¶¶ 63–103.

In its counterclaims and third-party complaint, Jicheng alleges that Dowlat is "the top decisionmaker, sole shareholder, and director" of Cirana. Dkts. 34, 35 ¶ 9. According to Changshu, Dowlat entered into a business relationship with Jicheng for the manufacture of garments, with Jicheng serving as the manufacturer and Dowlat/Cirana acting as the purchaser and distributor. Id. According to Jicheng, Dowlat would provide samples of clothing patterns to Jicheng and they would exchange ideas regarding styles, designs, and fashion trends. Id. ¶ 10. Jicheng would then take the samples and have its employees make "creative adjustments and add original expression into the garments." Id. ¶ 13. According to Jicheng, Dowlat would occasionally bring samples to Jicheng and Jicheng would design the garments without discussing fashion trends with Dowlat. Id. ¶ 14. Jicheng alleges that, "[u]nbeknownst to Jicheng," Dowlat or Cirana registered the designs that Jicheng created as Dowlat/Cirana's *own* copyrighted work; the registrations failed to refer to the parties' co-ownership of the designs. Id. ¶ 15. Jicheng avers that, in or around 2012, Dowlat and Cirana ceased payment on several purchase orders it had placed with Jicheng. Id. ¶ 17. As a result, Jicheng filed a complaint against Dowlat and Cirana in Los Angeles County Superior Court and that case remains active. Id. ¶ 18.

Jicheng asserts four claims against Cirana and Dowlat: (1) copyright infringement, id. ¶¶ 24–33; (2) contributory infringement, id. ¶¶ 34–39; (3) a second "second counterclaim" for "contributory infringement," id. ¶¶ 40–44;[1] and (4) unfair competition under the UCL, id. ¶¶ 45–50. Jicheng also asserts one counterclaim against Cirana alone: declaratory relief, seeking a declaration that Jicheng is the owner of "certain artistic expressions" and an injunction against Cirana prohibiting it from asserting ownership of such expressions. Id. ¶¶ 51–57.

---

[1] Cirana and Dowlat interpret this second "second" counterclaim as a mislabeled counterclaim for vicarious copyright infringement. Dkt. 43 at 4. Jicheng's opposition to Cirana's motion to dismiss appears to accept this interpretation, addressing its contributory infringement and "vicarious liability" counterclaims. See dkt. 49 at 7–8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL       'O'

| Case No. | 2:16-cv-4590-CAS(GJSx) | Date | October 31, 2016 |
|---|---|---|---|
| Title | CIRANA CORPORATION  v. CHANGSHU JISHENG SPINNING AND WEAVING COMMODITIES CO., LTD. ET AL. | | |

**III.    Motion to Dismiss Jicheng's First, Second, and Third Counterclaims and Third-Party Claims**

    **A.    Legal Standard**

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a pleading.  Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'"  Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Polic Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).  A counterclaim must satisfy the minimal notice pleading requirements that apply to a complaint under a Rule 12(b)(6) motion.  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the pleading, as well as all reasonable inferences to be drawn from them.  Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998).  The pleading must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.").  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL          'O'**

| Case No. | 2:16-cv-4590-CAS(GJSx) | Date | October 31, 2016 |
|---|---|---|---|
| Title | CIRANA CORPORATION v. CHANGSHU JISHENG SPINNING AND WEAVING COMMODITIES CO., LTD. ET AL. | | |

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the pleading (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

Federal Rule of Civil Procedure 8(a) provides that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to meet this standard, a claim for relief must be stated with "brevity, conciseness, and clarity." See Charles A. Wright & Arthur R. Miller, 5 Fed. Practice and Procedure § 1215 (3d ed.). "The Plaintiff must allege with at least some degree of particularity overt acts which Defendants engaged in that support the Plaintiff's claim." Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of Rule 8(a) is to ensure that a complaint "fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

As a general rule, leave to amend a pleading which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

   B.   Discussion

Cirana and Dowlat request that the Court dismiss Jicheng's first three counterclaims and third-party claims for failure to state a claim on which relief may be granted under Rule 12(b)(6). Dkt. 43 at 3 ("MTD"). Cirana and Dowlat argue that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-4590-CAS(GJSx) | Date | October 31, 2016 |
| Title | CIRANA CORPORATION v. CHANGSHU JISHENG SPINNING AND WEAVING COMMODITIES CO., LTD. ET AL. | | |

Jicheng's copyright infringement claim fails for three reasons: (1) Jicheng did not allege facts that show it owns the copyright; (2) Jicheng admits that Cirana is at least an author or co-owner of the copyrights for the works at issue, therefore Cirana cannot be held liable for infringement as a matter of law; and (3) to the extent that Jicheng created works that derive from Cirana and Dowlat's copyrighted works, Cirana and Dowlat were impliedly authorized to sell them.  Id. at 3–4.  Cirana and Dowlat aver that Jicheng's claims for contributory and vicarious infringement fail because they are derivative of its copyright infringement claim, which is itself insufficient.  Id. at 4.  Lastly, Cirana and Dowlat argue that Jicheng's unfair competition claim fails because it is based on a copyright violation and copyright violations are preempted by the Copyright Act.  Id.

The Court agrees—and Jicheng does not contest in its opposition—that Jicheng's unfair competition claim is preempted by the Copyright Act because the UCL claim is based on the alleged "acts of copyright infringement."  Dkts. 34, 35 ¶ 47; see Ryan v. Editions Ltd. W., Inc., 417 F. App'x 699, 701 (9th Cir. 2011) ("The Copyright Act expressly preempts related state law claims based exclusively on rights protected under the Act. . . . The Copyright Act therefore preempts [plaintiff's] unfair competition claim."); Sybersound Records, Inc. v. UAV Corp., 517 F.3d 1137, 1150 (9th Cir. 2008) ("Traditionally, two conditions must be satisfied for a law to be preempted under the federal Copyright Act.  First, the content of the protected right must fall within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103.  Second, the right asserted under state law must be equivalent to the exclusive rights contained in section 106 of the Copyright Act." (citation and quotation marks omitted)); Kodadek v. MTV Networks, Inc., 152 F.3d 1209, 1213 (9th Cir. 1998) (concluding that plaintiff's UCL claim was preempted by the Copyright Act).

Jicheng argues that its counterclaim and third-party claim for copyright infringement withstands the motion to dismiss because Jicheng's claims identify Jicheng as the "rightful owner and co-owner of the designs at issue."  Dkt. 49 at 5.  Jicheng points specifically to paragraph 14 of its counterclaim/third-party complaint, in which Jicheng alleges that Dowlat would occasionally bring samples without discussing fashion trends with Jicheng, "effectively alleging Jicheng's **sole** ownership of certain designs."  Id. at 6.  Jicheng also contends that it has pleaded non-attribution as part of its copyright claim— which serves as the basis for an action for copyright infringement—because Jicheng alleges that Dowlat and/or Cirana registered designs without properly attributing authorship to Jicheng.  Id. at 7.  Because its claim for direct infringement is properly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:16-cv-4590-CAS(GJSx) | Date | October 31, 2016 |
|---|---|---|---|
| Title | CIRANA CORPORATION v. CHANGSHU JISHENG SPINNING AND WEAVING COMMODITIES CO., LTD. ET AL. | | |

raised, Jicheng argues that its claims for contributory infringement and vicarious liability are proper. Id.

"To establish copyright infringement, a plaintiff must prove two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 846 (9th Cir. 2012) (quotation marks omitted). In addition, "[a] co-owner of a copyright cannot be liable to another co-owner for infringement of the copyright." Corbello v. DeVito, 777 F.3d 1058, 1066 (9th Cir. 2015) (quoting Oddo v. Ries, 743 F.2d 630, 632–33 (9th Cir. 1984). Willis v. Scorpio Music (Black Scorpio) S.A., No. 3:15-cv-1078-BTM-RBB, 2016 WL 3460282, at *3 (S.D. Cal. June 24, 2016) ("It is well established that a co-owner of a copyright cannot be liable to another co-owner for infringement of the copyright.").

In its counterclaims/third-party complaint, Jicheng repeatedly alleges that Jicheng and Cirana were co-owners of the copyrighted designs, referring to: "the parties' co-ownership of the designs," dkts. 34, 35 ¶ 15; "the jointly owned designs," id. ¶ 23; and Jicheng as "the owner and/or co-author/owner of all such rights in and to the designs[,]" id. ¶ 27. In addition, in Jicheng's answer to the FAC, Jicheng asserted: "Plaintiff and Jicheng made objective manifestations of a shared intent to be coauthors, that Jicheng superintended the work by exercising control, that the audience appeal of the work may be attributed to both authors, and that the share of each party in the success of the design cannot be appraised." Dkt. 33 at 12–13 (Affirmative Answer 22). "A [cross-complaint] may . . . be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim." Indep. Living Ctr. of S. California v. City of Los Angeles, Cal., 973 F. Supp. 2d 1139, 1146 (C.D. Cal. 2013) (relying on Franklin v. Murphy, 745 F.2d 1221, 1228–29 (9th Cir. 1984). Taking Jicheng's allegations as true, and construing the counterclaims/third-party complaint in the light most favorable to Jicheng, the Court concludes that Jicheng has failed to plead a prima facie case of copyright infringement because Jicheng has alleged that it is a co-owner of the designs at issue.

Contributory infringement and vicarious infringement are theories of "secondary liability." Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 930 (2005). "One infringes contributorily by intentionally inducing or encouraging *direct infringement*." Id. (emphasis added). One "infringes vicariously by profiting from *direct*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-4590-CAS(GJSx) | Date | October 31, 2016 |
| Title | CIRANA CORPORATION v. CHANGSHU JISHENG SPINNING AND WEAVING COMMODITIES CO., LTD. ET AL. | | |

*infringement* while declining to exercise a right to stop or limit it." Id. (emphasis added). Accordingly, where there is no "direct infringement" there can be no secondary liability under the theories of contributory or vicarious infringement. See Met–Coil Sys., Corp. v. Korners Unlimited, Inc., 803 F.2d 684, 687 (Fed. Cir. 1986) ("Absent direct infringement of the patent claims, there can be neither contributory infringement nor inducement of infringement."); Lewis Galoob Toys, Inc. v. Nintendo of Am., Inc., 780 F. Supp. 1283, 1298 (N.D. Cal. 1991), aff'd, 964 F.2d 965 (9th Cir. 1992) ("Absent direct infringement, there is no contributory infringement."); cf. A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1013 (9th Cir. 2001) ("Secondary liability for copyright infringement does not exist in the absence of direct infringement by a third party."). Because the Court has found that Jicheng has failed to adequately plead copyright infringement, Jicheng's claims of contributory and vicarious infringement also fail.

Accordingly, the Court **GRANTS** without prejudice Cirana and Dowlat's motion to dismiss Jicheng's counterclaims and third-party claims for copyright infringement, contributory infringement, and vicarious infringement.

Jicheng seeks sanctions under Local Rule 11-9 on the basis of Cirana and Dowlat's motion to dismiss because Jicheng alleges that the motion was filed while the parties were meeting and conferring. Id. at 2. Cirana and Dowlat contest this. They introduce a September 23, 2016 email from Cirana and Dowlat's counsel, Jeffrey A Kobulnick, to Jicheng's Counsel, in which Kobulnick writes: "This email will confirm that we have now met and conferred pursuant to Local Rule 7-3 on all three contemplated motions (motion to strike untimely counterclaims, motion to dismiss for failure to state a claim, and motion to strike inappropriate affirmative defenses)." Dkt. 52 at 4; dkt. 43-1, Ex. A. Cirana filed its motion to dismiss on September 30, 2016. The imposition of sanctions is a matter within the discretion of the court. See L.R. 11-9. The Court finds that Cirana's motion to dismiss was not frivolous and, therefore, concludes that sanctions are not appropriate.

## IV.    MOTIONS TO STRIKE COUNTERCLAIMS

### A.    Legal Standard

A motion to strike material from a pleading is made pursuant to Federal Rule of Civil Procedure 12(f). Under Rule 12(f), the Court may strike from a pleading any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-4590-CAS(GJSx) | Date | October 31, 2016 |
| Title | CIRANA CORPORATION  v. CHANGSHU JISHENG SPINNING AND WEAVING COMMODITIES CO., LTD. ET AL. | | |

"insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous."  "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting 5 Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1382, at 706–07 (1990)), rev'd on other grounds, 510 U.S. 517 (1994). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." Id.  The Court may also strike under Rule 12(f) a prayer for relief which is not available as a matter of law. Tapley v. Lockwood Green Eng'rs, 502 F.2d 559, 560 (8th Cir. 1974).

The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, 984 F.2d at 1527.  A motion to strike is a matter of the district court's discretion. Griffin v. Gomez, No. C 98-21038-JW-NJV, 2010 WL 4704448, at *4 (N.D. Cal. Nov. 12, 2010).  A Rule 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material. Because of "the limited importance of pleadings in federal practice," motions to strike pursuant to Rule 12(f) are disfavored. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).  In determining a motion to strike, the court must view the pleadings in the light most favorable to the non-moving party. See Wailua Assocs. v. Aetna Cas. & Sur. Co., 183 F.R.D. 550, 554 (D. Haw. 1998).

A compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claims." Fed. R. Civ. P. 13(a)(1)(A). "The purpose of Rule 13(a) is to prevent multiplicity of litigation and to promptly bring about resolution of disputes before the court." Mitchell v. CB Richard Ellis Long Term Disability Plan, 611 F.3d 1192, 1201 (9th Cir. 2010).  The Ninth Circuit applies a "logical relationship test" to determine whether a counterclaim is compulsory. See Pochiro v. Prudential Ins. Co. of Amer., 827 F.2d 1246, 1249 (9th Cir. 1987).  The logical relationship test requires the Court to "analyze whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." Id.  Failure to bring a compulsory counterclaim bars a later assertion of that claim. Fed. R. Civ. P. 13(a); Sams v. Beech Aircraft, 625 F.2d 273, 276 n. 4 (9th Cir. 1980); Murrey & Son's Co. v. Sea-Land Serv., Inc., 884 F.2d 1395 (9th Cir. 1989) (same).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         **'O'**

| Case No. | 2:16-cv-4590-CAS(GJSx) | Date | October 31, 2016 |
|---|---|---|---|
| Title | CIRANA CORPORATION v. CHANGSHU JISHENG SPINNING AND WEAVING COMMODITIES CO., LTD. ET AL. | | |

**B. Discussion**

Cirana requests that the Court strike Jicheng's counterclaims for direct and contributory copyright infringement and unfair business practices as time-barred because the counterclaims are compulsory and Jicheng did not raise them in Jicheng's answer to Cirana's original complaint. Dkt. 42 at 3–4. Because the Court has granted Cirana's motion to dismiss with respect to Jicheng's first three counter-claims, the Court declines to address Cirana's motion to strike those claims as moot. See supra Section III.B.[2]

In a separate motion, Cirana requests that the Court strike Jicheng's counterclaim for declaratory relief because it is redundant of Jicheng's twenty-second affirmative

---

[2] Jincheng requests that the Court sanction Cirana and its counsel under Federal Rule of Civil Procedure 11 on the basis of its motion to strike Jincheng's counterclaims as time-barred. Dkt. 47 at 9–11. Jincheng contends that Cirana filed its motion to strike in "bad faith" and "as a scare tactic." Id. at 10

Under Rule 11, a court may impose sanctions upon attorneys or unrepresented parties for submitting papers to a court that are frivolous, legally unreasonable, baseless, or filed for an improper purpose, such as harassment. Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1177 (9th Cir. 1996). All pleadings and other motions filed with a court must be signed by an attorney or the unrepresented party, certifying that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:" (1) the paper is not presented for an improper purpose; (2) the claims have a valid legal basis; and (3) there is factual support for the allegations. Fed. R. Civ. P. 11(b). Rule 11 imposes on attorneys an "objective standard of reasonableness under the circumstances." Golden Eagle Dist. Corp. v. Burroughs Corp., 801 F.2d 1531, 1537 (9th Cir.1986) (internal quotation marks omitted). However, Rule 11 "is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." Greenberg v. Sala, 822 F.2d 882, 887 (9th Cir. 1987) (quoting Fed. R. Civ. P. 11 advisory committee's note). The imposition of sanctions is a matter within the discretion of the court. Fed. R. Civ. P. 11(c).

The Court is not convinced that Cirana's motion was so clearly improper or unreasonable so as to justify an award of sanctions. The Court therefore **DENIES** defendants' request for sanctions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-4590-CAS(GJSx) | Date | October 31, 2016 |
| Title | CIRANA CORPORATION  v. CHANGSHU JISHENG SPINNING AND WEAVING COMMODITIES CO., LTD. ET AL. | | |

defense claiming joint authorship of the copyrighted designs at issue. Dkt. 44 at 3, 9–10. The Court finds that Jincheng's claim for declaratory relief—seeking a declaration as to the ownership of the designs at issue—is distinct from Jincheng's twenty-second affirmative defense, in which Jicheng asserts joint authorship over the designs. The contentions are different in scope and effect. For example, Jicheng's affirmative defense applies only to the Cirana's claims in this case, but the declaratory relief Jicheng seeks could affect non-parties. The Court thus concludes that Jicheng's counterclaim for declaratory relief and Jincheng's twenty-second affirmative defense are not redundant. Therefore, the Court **DENIES** Cirana's motion to strike Jicheng's counterclaim for declaratory relief.

## V.     MOTION TO STRIKE AFFIRMATIVE DEFENSES

### A.     Legal Standard

Federal Rule of Civil Procedure 8 requires a party to "state in short and plain terms its defenses to each claim asserted against it," and "affirmatively state" any affirmative defense. Fed. R. Civ. P. 8(b), (c)(1). An affirmative defense is sufficiently pled under this standard if "it gives plaintiff fair notice of the defense." Simmons v. Navajo Cnty., 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979) (per curiam)). "If a court strikes an affirmative defense, leave to amend should be freely granted, provided there is no prejudice to the moving party." Kohler v. Bed Bath & Beyond of California, LLC, No. 2:11-cv-4451-RSWL-SP, 2012 WL 424377, at *1 (C.D. Cal. Feb. 8, 2012).

### B.     Discussion

Cirana requests that the Court strike the following affirmative defenses asserted by Jicheng for being immaterial and impertinent: 6, 7, 13, 17, 25, 26, 34, and 35. Dkt. 44 at 3, 6–9. Jicheng's relevant affirmative defenses read as follows:

> (Abandonment of Trademarks) 6. Plaintiff's alleged federal trademark registrations and common law trademark rights, if any, have been abandoned for failure to enforce the alleged marks.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 2:16-cv-4590-CAS(GJSx) | Date | October 31, 2016 |
|---|---|---|---|
| Title | CIRANA CORPORATION v. CHANGSHU JISHENG SPINNING AND WEAVING COMMODITIES CO., LTD. ET AL. | | |

(Naked Licensing) 7. Plaintiff's federal trademark registrations and common law trademark rights, if any, have been abandoned under the doctrine of naked licensing.

(Abandonment/Forfeiture of Intellectual Property) 13. Plaintiff's claims are barred to the extent it has forfeited or abandoned its intellectual property.

(Statute of Frauds) 17. Plaintiff is barred from all or part of the recovery by the Statute of Frauds.

(Trademark Noninfringement) 25. Defendants' use of mark has not created, and will not create, any likelihood of confusion in the marketplace.

(Trademark Invalidity) 26. Plaintiff's alleged mark is invalid and not untitled to registration.

(Common law trademarks are not source identifiers) 34. Plaintiff's alleged common law trademarks are not entitled to trademark protection as the common law trademarks are not source identifiers which indicate to the public that Plaintiff is the source of the marks.

(No constructive notice of trademarks) 35. Plaintiff failed to indicate that its' marks possessed federal trademark registration.

Dkt. 33 at 10–15.

    Cirana contends that many of these defenses arise from Jicheng's mistaken belief that Cirana's third cause of action for unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), requires Cirana to have a valid trademark.  Dkt. 44 at 4–5.  Cirana argues that the Lanham Act does not require a plaintiff to plead or establish that it has a valid trademark, rather a plaintiff must plead that defendant is using "any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact" in a way that falsely or deceptively designates the goods' origin.  Id. at 5 (quoting 15 U.S.C. § 1125(a)).  Cirana contends that its Lanham Act claim arises from its allegation that defendants printed Cirana's copyrighted designs onto dresses and sold them under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL 'O'

| Case No. | 2:16-cv-4590-CAS(GJSx) | Date | October 31, 2016 |
|---|---|---|---|
| Title | CIRANA CORPORATION v. CHANGSHU JISHENG SPINNING AND WEAVING COMMODITIES CO., LTD. ET AL. | | |

defendants' trademark, "J Gee," which falsely indicates to consumers that the designs originate from defendants. Dkt. 44 at 5. Accordingly, Cirana requests that the court strike affirmative defenses 6, 7, 13, 25, 26, 34, and 35 because the FAC does not contain any alleged federally registered or common law trademark claims. Id. at 6–9.

Jicheng argues that Cirana's Lanham Act claim entitles Jicheng to assert affirmative defenses 6, 7, 13, 25, 26, 34, and 35 because courts do not permit litigants to raise a claim under 15 U.S.C. § 1125(a) without "*some* type of trademark, registered or unregistered." Dkt. 48 at 6.

Cirana also requests that the Court strike Jicheng's seventeenth affirmative defense raising the Statute of Frauds as a defense because the FAC does not contain any contract claims, therefore there can be no basis for a Statue of Frauds defense. Dkt. 44 at 7. Jicheng argues that its Statue of Frauds defense is appropriate because Cirana alleges "ownership of intellectual agreement that has allegedly been conveyed to Plaintiff 'By written statement[,]'" but none of those written statements are attached to the FAC and Jicheng can only "speculate as to whether there were *any* written agreements executed between the original copyright owner and Plaintiff." Dkt. 48 at 7–8.

Having reviewed the parties' submissions, the Court finds that Jicheng's answer to the FAC provides Cirana with fair notice of the grounds for affirmative defenses 6, 7, 13, 17, 25, 26, 34, and 35. These so-called affirmative defenses are not demonstrably "immaterial" or "impertinent" and are better resolved on a motion for summary judgment. To the extent that Cirana argues that some of Jicheng's defenses are boilerplate, see dkt. 44 at 9, the Court finds that Jicheng's defenses "while boilerplate, are standard affirmative defenses, appropriate at the outset of the case." Baroness Small Estates, Inc. v. BJ's Restaurants, Inc., No. 8:11-cv-00468-JST-E, 2011 WL 3438873, at *6 (C.D. Cal. Aug. 5, 2011) (quoting Vistan Corp. v. Fadei USA, Inc., No. 3:10-cv-4862-JCS, 2011 WL 1544796, at *7 (N.D. Cal. Apr. 25, 2011). Accordingly, the Court finds that affirmative defenses 6, 7, 13, 17, 25, 26, 34, and 35 should not be stricken and **DENIES** plaintiffs' motion to strike these eight defenses.

VI. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** without prejudice Cirana and Dowlat's motion to dismiss Jicheng's counterclaims and third-party claims for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:16-cv-4590-CAS(GJSx) | Date | October 31, 2016 |
|---|---|---|---|
| Title | CIRANA CORPORATION  v. CHANGSHU JISHENG SPINNING AND WEAVING COMMODITIES CO., LTD. ET AL. | | |

copyright infringement, contributory infringement, vicarious infringement, and unfair competition.  The Court **DENIES** Cirana's motion to strike Jicheng's counterclaim for declaratory relief.  The Court **DENIES** Cirana's motion to dismiss Jicheng's affirmative defenses 6, 7, 13, 17, 25, 26, 34, and 35.  The Court **DENIES** all requests for sanctions.

   IT IS SO ORDERED.

|  | 00 | : | 20 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |